UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DELAZZER,

    Petitioner,        Case Number 11-13613
                 Honorable David M. Lawson

v.

MITCH PERRY,

    Respondent,
_____/

## OPINION AND ORDER DENYING MOTION TO CORRECT OR CHANGE PETITION FOR WRIT OF HABEAS CORPUS

  Petitioner Thomas J. Delazzer filed a *pro se* petition for writ of habeas corpus on August 18, 2011 alleging that he is unconstitutionally confined at the Newberry Correctional Facility in Newberry, Michigan because of a judgment of conviction entered by a Michigan judge. He invoked 28 U.S.C. § 2254 to challenge a conviction and sentence for prison escape following his plea of guilty in the Jackson County, Michigan circuit court. The petitioner has now filed a motion to correct or change his petition to delete the reference to section 2254 and instead to seek relief under 28 U.S.C. § 2241.

  "Congress's general grant of habeas authority to the federal courts appears in 28 U.S.C. § 2241, which extends the writ to, among others, persons 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Phillips v. Court of Common Pleas, Hamilton County, Ohio*, No. 10-4280, 2012 WL 413837, at *4 (6th Cir. Feb. 10, 2012) (quoting 28 U.S.C. § 2241(c)(3)). However, as the *Phillips* court explained, another section of the habeas statute, section 2254, "concerns habeas relief available to a subset of petitioners: those 'in custody *pursuant to the judgment of a State court* . . . .'" *Ibid.* (quoting 28 U.S.C. § 2254(a)).

It is understandable that the petitioner would want to proceed under section 2241 instead of section 2254, because the latter statute requires a more deferential standard of review, which is inapplicable to cases brought under section 2241. *Phillips*, 2012 WL 413837, at *4 ("We agree with our sister circuits and hold that habeas petitions governed by § 2241 are not subject to the heightened standards contained in § 2254(d)."). However, that relief is not available to the petitioner in this case; he must proceed under the more specific statute that is intended to apply to his circumstances.

When two statutes cover the same subject matter, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). Because section 2254 is the more specific statute that, by its own terms, applies to habeas petitions that challenge state court judgments, the provisions of that section govern over the more general allowances of section 2241. *See Medberry v. Crosby,* 351 F. 3d 1049, 1060 (11th Cir. 2003); *Cook v. N.Y. State Division of Parole*, 321 F. 3d 274, 279, n. 4. (2d Cir. 2003); *Coady v. Vaughn,* 251 F. 3d 480, 484-85 (3rd Cir. 2001). The Sixth Circuit has observed that "numerous federal decisions . . . support the view that *all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) for obtaining habeas relief from a state conviction. *Rittenberry v. Morgan,* 468 F.3d 331, 337 (6th Cir. 2006).

Therefore, regardless of the label or statutory reference in the habeas petition, state prisoners challenging the validity of their state court conviction are governed by 28 U.S.C. § 2254. *See Greene v. Tennessee Dep't of Corr.*, 265 F. 3d 369, 371 (6th Cir. 2001) (finding that "'when a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements . . . apply no

matter what statutory label the prisoner has given the case. (Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.)'" (quoting *Walker v. O'Brien,* 216 F. 3d 626, 633 (7th Cir. 2000))).

There is no doubt that the petitioner in this case has challenged the validity of his guilty-plea-based conviction and the resulting sentence. He must proceed under the rules set out in 28 U.S.C. § 2254. Converting his petition to one brought under 28 U.S.C. § 2241 would make no practical difference to the determination of the matter, and the Court sees no good reason to allow it.

Accordingly, it is **ORDERED** that the motion to correct or to change the petition for writ of habeas corpus [dkt. # 10] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 17, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 17, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL