UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DELAZZER,

     Petitioner,

                Case Number 11-13613
v.                Honorable David M. Lawson

MITCH PERRY,

     Respondant.
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

  Petitioner Thomas J. Delazzer filed a *pro se* petition for writ of habeas corpus on August 18, 2011 alleging that he is unconstitutionally confined at the Newberry Correctional Facility in Newberry, Michigan because of a judgment of conviction entered by a Michigan judge. He invoked 28 U.S.C. § 2254 to challenge a conviction and sentence for prison escape following his plea of guilty in the Jackson County, Michigan circuit court. On February 2, 2012, the petitioner filed a motion to correct or change his petition to delete the reference to section 2254 and instead to seek relief under 28 U.S.C. § 2241. The Court denied the petitioner's motion on February 17, 2012.

  Presently before the Court is the petitioner's motion for reconsideration of the Court's order denying the petitioner's motion to amend or correct his petition. Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration

should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

The Court concludes that the petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3). In his motion for reconsideration, the petitioner raises only issues that have been considered already and decided by the Court. The petitioner's motion for reconsideration provides no new grounds for the Court's review. Therefore, the Court will deny the petitioner's motion for reconsideration.

Accordingly, it is **ORDERED** that the petitioner's motion for reconsideration [dkt. #14] is **DENIED**.

                                              s/David M. Lawson
                                              DAVID M. LAWSON
                                              United States District Judge

Dated: March 8, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 8, 2012.

                              s/Deborah R. Tofil
                              DEBORAH R. TOFIL