UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DELAZZER,

        Petitioner,

                              Case Number 11-13613
v.                            Honorable David M. Lawson

MITCH PERRY,

        Respondent.
_____/

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On March 19, 2012, the petitioner filed notice of appeal as to the Court's orders denying the petitioner's motions to amend or correct his petition and for reconsideration, dated February 2, 2012 and March 8, 2012, respectively. On the same date, the defendant file a motion requesting that the Court waive the fees and costs associated with appealing those orders.

Although "the filing fee requirements of the Prison Litigation Reform Act" do not apply to habeas petitions, a prisoner seeking to proceed *in forma pauperis* on appeal "may seek leave to file an appeal in a § 2254 . . . action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure." *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997). Federal Rule of Appellate Procedure 24 requires an individual seeking to proceed *in forma pauperis* on appeal to file a motion to do so in the district court and attach an affidavit that "shows . . . the party's inability to pay . . .; claims an entitlement to redress; and states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1); *see also Flick v. Blevins*, 887 F.2d 778, 780-81 (7th Cir. 1989) ("[T]he district courts must make a preliminary determination that the prospective litigant is indigent and that his action is neither frivolous nor malicious before granting [*in forma pauperis*] status." (internal quotations and citation omitted)). Federal Rule of Appellate Procedure, by its language,

grants the district court discretion to grant or deny the motion. Fed. R. App. P. 24(a)(2) (providing, in part, that "[i]f the district court denies the motion, it must state the reason in writing"). Similar to the provisions of 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."), Federal Rule of Appellate Procedure 24 authorizes the district court to require a party, who was permitted to proceed *in forma pauperis* in the trial court, to pay the appropriate fees on appeal if "the district court . . . certifies that the appeal is not taken in good faith." Fed. R. App. P. 24(a)(3)(A).

The petitioner seeks to appeal two orders that, contrary to the petitioner's argument in the motion, do not constitute final dismissals ending litigation on the merits in this case. As the Sixth Circuit has noted, the courts of appeals lack jurisdiction over an appeal where the district court's ruling is not a final decision. *Swanson v. DeSantis*, 605 F.3d 829, 831 (6th Cir. 2010). In the context of a petition for a writ of habeas corpus, "[a] typical 'final decision []' . . . would include orders granting or denying petitions on the merits." *Id*. at 832 (quoting 28 U.S.C. § 1291). The orders that the petitioner seeks to appeal do not either grant or deny the petition; indeed, they do not address the merits of the petition at all. Instead, the petitioner's appeal "is the epitome of a request for interlocutory relief" over which the court of appeals does not normally have jurisdiction. *Ibid*. Nor is the court of appeals likely to find that it has jurisdiction under the collateral order doctrine. The Court's orders do not "resolve important questions separate from the merits" and are not "effectively unreviewable," as that doctrine requires. *Id*. at 833. Because the petitioner is seeking to appeal rulings that are not final, the petitioner's appeal is frivolous and not taken in good faith. Therefore, his application to proceed *in forma pauperis* will be denied. Fed. R. App. P. 24(a).

Accordingly, it is **ORDERED** that the petitioner's motion to proceed *in forma pauperis* on appeal [dkt. #16] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 23, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 23, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL
