UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DELAZZER,

        Petitioner,

                                                  Case Number 11-13613
v.                                              Honorable David M. Lawson

MITCH PERRY,

        Respondent.

_____/

## **ORDER DENYING CERTIFICATE OF APPEALABILITY**

On March 19, 2012, the petitioner filed notice of appeal as to the Court's orders denying the petitioner's motions to amend or correct his petition and for reconsideration, dated February 2, 2012 and March 8, 2012, respectively. The petitioner also filed an application to proceed *in forma pauperis* on appeal, which the Court denied on March 23, 2012.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a *final order* adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings (emphasis added). The petitioner seeks to appeal two orders that, contrary to the petitioner's argument in the motion, do not constitute final dismissals ending litigation on the merits in this case. As the Sixth Circuit has noted, the courts of appeals lack jurisdiction over an appeal where the district court's ruling is not a final decision. *Swanson v. DeSantis*, 605 F.3d 829, 831 (6th Cir. 2010). In the context of a petition for a writ of

habeas corpus, "[a] typical 'final decision []' . . . would include orders granting or denying petitions on the merits." *Id*. at 832 (quoting 28 U.S.C. § 1291). The orders that the petitioner seeks to appeal do not either grant or deny the petition; indeed, they do not address the merits of the petition at all. Instead, the petitioner's appeal "is the epitome of a request for interlocutory relief" over which the court of appeals does not normally have jurisdiction. *Ibid*. Nor is the court of appeals likely to find that it has jurisdiction under the collateral order doctrine. The Court's orders do not "resolve important questions separate from the merits" and are not "effectively unreviewable," as that doctrine requires. *Id*. at 833. Because the petitioner is seeking to appeal rulings that are not final, the Court must deny the petitioner a certificate of appealability with respect to these two orders.

Accordingly, it is **ORDERED** that a certificate of appealability as to the Court's Order Denying Motion to Amend/Correct [dkt. #11] and Order Denying Motion for Reconsideration [dkt. #15] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 26, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 26, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL