UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DELAZZER,

        Petitioner,

                                          Case Number 11-13613
v.                                          Honorable David M. Lawson

MITCH PERRY,

        Respondent.
_____/

### OPINION AND ORDER GRANTING PETITIONER'S REQUEST
### FOR VOLUNTARY DISMISSAL OF PETITION FOR A WRIT OF *HABEAS CORPUS*

Petitioner Thomas J. Delazzer filed a *pro se* petition for writ of habeas corpus on August 18, 2011 alleging that he is unconstitutionally confined at the Newberry Correctional Facility in Newberry, Michigan because of a judgment of conviction entered by a Michigan judge. He invoked 28 U.S.C.§ 2254 to challenge a conviction and sentence for prison escape following his plea of guilty in the Jackson County, Michigan circuit court. On February 2, 2012, the petitioner filed a motion to correct or change his petition to delete the reference to section 2254 and instead to seek relief under 28 U.S.C. § 2241. The Court denied the petitioner's motion on February 17, 2012. The respondent has filed an answer to the petition for writ of habeas corpus and a motion to dismiss on the ground that the petition is barred by the statute of limitations contained in 28 U.S.C.§ 2244(d).

The petitioner has now filed a "Notice of Immediate Withdrawal" in which he seeks to withdraw his petition for writ of habeas corpus and all other pleadings that are pending in this case. For the reasons stated below, the Court will allow the petitioner to voluntarily withdraw his habeas petition and will dismiss the petition for writ of habeas corpus without prejudice.

Pursuant to Federal Rule of Civil Procedure 41, after an answer or motion for summary judgment has been filed, a plaintiff may voluntarily dismiss a suit only "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[A] voluntary dismissal without prejudice leaves the situation as if the action had never been filed." *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993). A decision to grant or deny a voluntary dismissal to a plaintiff is committed to the sound discretion of the district court. *See Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Ibid.* (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). Rule 41(a) applies to habeas corpus proceedings. *See Williams v. Clarke*, 82 F.3d 270, 272-73 (8th Cir. 1996); *Doster v. Jones*, 60 F. Supp. 2d 1258, 1259 (M.D.Ala. 1999) (citing cases). *See also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules.").

In determining whether or not a habeas petitioner is entitled to a voluntary dismissal without prejudice, federal courts must "ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *Clark v. Tansy,* 13 F.3d 1407, 1409 (10th Cir. 1993); *see also Cook v. New York State Div. Of Parole,* 321 F.3d 274, 282 (2d Cir. 2003) (after state prisoner's § 2241 petition was converted by the court into a § 2254 petition, prisoner would be

allowed opportunity to withdraw his petition to avoid unintentionally exhausting his right to petition for habeas relief on other grounds).

In this case, the petitioner has made it clear that he does not wish to pursue his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 at the present time. There is nothing to suggest that the respondent will suffer plain prejudice as a result of a withdrawal of the petition. Further, although a habeas petitioner should not be permitted to thwart the limitations on the filing of second or successive habeas petitions by withdrawing his first habeas petition "as soon as it becomes evident that the district court is going to dismiss it on the merits," *Felder v. McVicar,* 113 F.3d 696, 698 (7th Cir. 1997), the Court has not ruled on the merits of the petition and there is no indication that the petitioner's motion was filed in bad faith. Accordingly, the Court will permit the petitioner to withdraw his petition for a writ of habeas corpus.

The petitioner's voluntary dismissal of his habeas action completely terminates the litigation in this case and renders moot the respondent's motion to dismiss. *See Long v. Board of Pardons and Paroles of Texas,* 725 F. 2d 306, 306 (5th Cir. 1984).

Accordingly, it is **ORDERED** that the petitioner's request for immediate withdrawal of his petition for a writ of habeas corpus [dkt. #28] is **GRANTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus [dkt. #1] is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that the respondent's motion to dismiss [dkt. #13] is **DENIED AS MOOT**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: May 4, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 4, 2012.

s/Deborah R. Tofil  
DEBORAH R. TOFIL